UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:91-CR-181-T-17TGW

JEROME L. ISOM.

_____/

ORDER

This cause is before the Court on:

Dkt. 783   Motion For Order Compelling Rule 35 Motion or Show Cause
Dkt. 784   Order Directing Response
Dkt. 785   Order Extending Time
Dkt. 786   Response

Defendant Jerome L. Isom moves the Court to compel the Government to file a Rule 35 motion or show cause why Defendant's Petition should not be granted. Defendant requests an evidentiary hearing.

The Government has filed a response in which the Government argues that Defendant's Motion for Order compelling the Government to file a Rule 35 motion, and motion for evidentiary hearing, should be denied.

I. Motion for Order Compelling Rule 35 Motion

In general, the Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States 504 U.S. 181, 185 (1994). In the absence of a motion by the Government, the Court has no authority to grant a sentence reduction. United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009). A defendant's showing of assistance is a necessary condition for relief, but by

Case No. 8:91-CR-191-T-17TGW

itself, such a showing does not render judicial review appropriate. Wade, supra, at 185-186. Judicial review is appropriate "only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such a race or religion." United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993).

The only possible exceptions to the limitation on judicial authority are not involved in this case. The alleged assistance involved took place in 2007; Defendant Isom was sentenced in 1992. These exceptions include: 1) when a plea agreement unequivocally requires the Government to file a substantial-assistance motion; and 2) where an oral promise to file a substantial-assistance motion induces a defendant to plead guilty. Forney, supra, at 1499 n. 2, 1502 n. 5.

Defendant Isom has not made a substantial showing that the Government's refusal to file a substantial-assistance motion was based on a constitutionally impermissible motive, such as race or religion. Therefore, the Court is precluded from reviewing the Government's decision not to file a Rule 35(b) motion. The Court denies Defendant Isom's Motion for Order Compelling Rule 35 Motion or Show Cause.

II. Request for Evidentiary Hearing

Defendant Isom requests that the Court conduct an evidentiary hearing on Defendant's Motion in the event the Court should determine there are factual issues to be resolved.

The Government states that the prospect of a Rule 35 motion was discussed but not promised to Defendant's counsel, as evidenced by the four and one-half year delay from the letter of November 2008 to the present, with no Rule 35 motion having been filed.

Case No. 8:91-CR-191-T-17TGW

The Court may review the Government's decision not to file a Rule 35 motion only where a defendant makes a claim of substantial assistance and a substantial showing of a constitutionally impermissible motive by the government. Wade, supra at 186-187. Defendant Isom's claim of substantial assistance, coupled with the statement of Defendant's counsel that a Rule 35 motion would soon be filed is not sufficient to warrant the Court's review of the Government's discretionary decision. United States v. Cannon, 443 Fed. Appx. 464, 465 (11th Cir. 2011).

The Court denies Defendant's request for an evidentiary hearing. Accordingly, it is

**ORDERED** that Defendant's Motion for Order Compelling Rule 35 or Show Cause (Dkt. 783) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of June, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record